UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Michael Rowe,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Nevada Department of Employment Training and Rehabilitation; Governor Lombardo; Chris Sewell, Director of the Department of Unemployment Insurance,<br><br>　　　　　Defendants. | Case No. 2:23-cv-01189-RFB-DJA<br><br>**Order** |

Under 28 U.S.C. § 1915 Plaintiff is proceeding in this action *pro se* and has requested authority to proceed *in forma pauperis*. (ECF No. 2). Plaintiff also submitted a complaint. (ECF No. 2-1).[1] Because the Court finds that Plaintiff's application is complete, it grants his application to proceed *in forma pauperis*. However, because the Court finds that Plaintiff's complaint attempts to sue immune defendants and does not allege sufficient facts, it dismisses his complaint with leave to amend.

**I.      *In forma pauperis* application.**

Plaintiff filed the affidavit required by § 1915(a). (ECF No. 2). Plaintiff has shown an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed

---

[1] Plaintiff has filed a second complaint on the docket which adds a claim against the Nevada Department of Employment, Training, and Rehabilitation for negligence. (ECF No. 6). However, Plaintiff's second complaint was not properly filed. Under Federal Rule of Civil Procedure 15(a)(1), a party may amend its pleading once as a matter of course within 21 days of serving it. But Plaintiff's initial complaint, because the Court had not yet screened it, had not yet been served. So, Plaintiff's second complaint, filed without a motion to amend, was improperly filed. The Court thus screens Plaintiff's initial complaint (ECF No. 2-1) and not his second complaint (ECF No. 6). The Court will also not consider Plaintiff's second complaint to be an amended complaint because Plaintiff did not file it properly and because it suffers from many of the same deficiencies as the first complaint that the Court addresses in this order.

*in forma pauperis* will be granted under 28 U.S.C. § 1915(a).  The Court will now review Plaintiff's complaint.

## II.  Screening the complaint.

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint under § 1915(e).  Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted.  Review under Rule 12(b)(6) is essentially a ruling on a question of law.  *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000).  A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions.  *Iqbal*, 556 U.S. at 679.  Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice.  *Id.* at 678.  Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed.  *Twombly*, 550 U.S. at 570.  Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers.  *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). Under 28 U.S.C. § 1331, federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Cases "arise under" federal law either when federal law creates the cause of action or where the vindication of a right under state law necessarily turns on the construction of federal law. *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002). Whether federal-question jurisdiction exists is based on the "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under 28 U.S.C. § 1332(a), federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different states." Generally speaking, diversity jurisdiction exists only where there is "complete diversity" among the parties; each of the plaintiffs must be a citizen of a different state than each of the defendants. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

### A. The Court dismisses Plaintiff's complaint without prejudice.

Plaintiff alleges that his former employer—DS Services—terminated him after Plaintiff failed to call into work for three days. Plaintiff explains that he failed to call in because he was held in custody without bail for six weeks. Plaintiff asserts that after he was released, he applied for unemployment benefits. But the Nevada Department of Employment Training and Rehabilitation ("DETR")[2] informed Plaintiff that he had been terminated because of misconduct and later sent a letter stating that Plaintiff was not entitled to benefits because he quit his job. Plaintiff asserts that DETR is committing insurance fraud by not distributing unemployment payments to Plaintiff.[3] Plaintiff alleges that "Governor Lombardo and Chris Sewell are []

---

[2] Plaintiff refers to the "Office of Unemployment," which appears to be referencing DETR. The Court thus construes Plaintiff's claims against the "Office of Unemployment" as being alleged against DETR.

[3] Plaintiff also lists allegations related to conduct of other parties including Judge Woods, the Federal Bureau of Investigation, the Clark County Detention Cetner, the District Attorney's

fraudulently claiming [that he] quit his job which is a blatant lie." Plaintiff asserts two counts: (1) violation of the due process clause of the Fourteenth Amendment against all Defendants; and (2) "Nevada Sovereign Immunity Waiver NRS 41.031[] Unemployment Insur[an]ce Fraud" apparently against all Defendants.

1. <u>Sovereign immunity.</u>

Plaintiff's claims against DETR, Governor Lombardo in his official capacity, and Director Sewell in his official capacity all fail under the Eleventh Amendment. The Eleventh Amendment bars citizens from suing a state or its agencies unless the state has waived such immunity or Congress has abrogated such immunity by statute. U.S. CONST. amend. XI; *see also Seminole Tribe of Fla. v. Fla.*, 517 U.S. 44 (1996). The United States Supreme Court held that 42 U.S.C. § 1983 does not constitute an abrogation of the states' Eleventh Amendment immunity. *Quern v. Jordan*, 440 U.S. 332, 338-40 (1979). Therefore, absent waiver, a state is not subject to suit under Section 1983. *Id.*; *see also Ala. v. Pugh*, 438 U.S. 781, 782 (1978). The State of Nevada has explicitly refused to waive its immunity to suit under the Eleventh Amendment. NRS 41.031(3).

DETR is an agency of the State of Nevada. Plaintiff's claims cannot survive against DETR as an "entity with Eleventh Amendment immunity is not a 'person' within the meaning of § 1983." *Howlett By and Through Howlett v. Rose*, 496 U.S. 356, 365 (1990). Even assuming DETR was not immune, the Nevada Revised Statutes provide that a person seeking unemployment benefits must first exhaust his or her administrative remedies before filing a lawsuit. NRS 612.450 *et. seq.* A failure to comply with these statutory requirements constitutes grounds for dismissal. *Walker v. Nev., Dep't of Emp. and Sec.*, No. 2:09-cv-2036-GMN-GWF, 2011 WL 167545, at *1 (D. Nev. Jan. 19, 2011). Plaintiff provides no documentation demonstrating that he timely appealed DETR's alleged withholding of unemployment funds. "[a]dditionally, if Plaintiff[] timely appealed DETR decision, [his] request for a review of that

---

Office, Plaintiff's "crooked lawyer," Dr. Silverberg, Phillip Ternak, and the Las Vegas Metropolitan Police Department. But Plaintiff does not list these individuals and entities as defendants, so the Court does not address these allegations.

appeal should be brought before the District Court for the State of Nevada in the County in which the work was performed, rather than the United States District Court." *Ullauri-Moron v. Nev. Dep't of Emp., Training, and Rehabilitation*, Case No. 2:12-cv-01569-JCM-CWH, 2012 WL 4891722, at *2 (D. Nev. Sept. 6, 2012), citing NRS 612.525.  Thus, this Court lacks subject matter jurisdiction over Plaintiff's appeal of DETR's purported refusal to pay unemployment benefits.

Plaintiff's claims against Governor Lombardo and Director Sewell in their official capacities fail for the same reason Plaintiff's claims against DETR fail: they are immune in that capacity.  Official-capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978)).  Thus, any official capacity claims against Governor Lombardo and Director Sewell—who are employed by the state—are treated as claims against the State of Nevada.  *See Leer v. Murphy*, 844 F.2d 628, 632 (9th Cir. 1998) (explaining that a lawsuit against state prison officials in their official capacities was a lawsuit against the state).  And the Eleventh Amendment thus bars lawsuits in federal court against state officials in their official capacities except when sued for prospective injunctive relief to end a continuing violation of federal law.  *See Flint v. Dennison*, 488 F.3d 816, 825 (9th Cir. 2007); *Armstrong v. Wilson*, 124 F.3d 1019, 1025 (9th Cir. 1997).

        2.    <u>Personal participation.</u>

Plaintiff's claims against Governor Lombardo and Director Sewell in their individual capacities fail because Plaintiff does not allege any facts regarding their personal participation in denying him unemployment benefits.  Individual liability depends on personal participation in the alleged deprivation of rights.  *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).  Plaintiff has not alleged how Governor Lombardo or Director Sewell personally participated in violating his rights.  The Court thus dismisses Plaintiff's individual capacity claims for failure to state a claim upon which relief can be granted.

### III. Plaintiff's motions for clarification.

Plaintiff has filed three motions for clarification, asking the Court when it will rule on his *in forma pauperis* application. Because the Court has now ruled on his application, the Court denies Plaintiff's motions as moot. The Court will not entertain any future motions intended to speed it along unless Plaintiff carefully complies with the Nevada Local Rules governing emergency motions or motions shortening time. *See* Local Rule 7-4 (emergency motions) *and* Local Rule IA 6-1 (governing motions to shorten time).

**IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 2) is **granted.** Plaintiff shall not be required to pre-pay the filing fee. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This order granting leave to proceed *in forma pauperis* shall not extend to the issuance and/or service of subpoenas at government expense.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to file Plaintiff's complaint (ECF No. 2-1) on the docket but shall not issue summons.

**IT IS FURTHER ORDERED** that the complaint (ECF No. 2-1) is **dismissed without prejudice** for failure to state a claim upon which relief can be granted, with leave to amend. Plaintiff will have until **November 27, 2023** to file an amended complaint if the noted deficiencies can be corrected. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint) to make the amended complaint complete. This is because, generally, an amended complaint supersedes the original complaint. Local Rule 15-1(a) requires that an amended complaint be complete without reference to any prior pleading. Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged. **Failure to comply with this order will result in the recommended dismissal of this case.**

**IT IS FURTHER ORDERED** that Plaintiff's motions for clarification (ECF Nos. 5, 9, 10) are **denied.**

DATED: October 27, 2023

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE