# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
\* \* \*

| | |
|---|---|
| Michael Rowe,<br><br>                   Plaintiff,<br><br>v.<br><br>State of Nevada, et al.,<br><br>                   Defendants. | Case No. 2:23-cv-01189-RFB-DJA<br><br>**Order**<br>**and**<br>**Report and Recommendation** |

Before the Court is Plaintiff Michael Rowe's amended complaint. (ECF No. 13). Plaintiff's amended complaint does not state a claim upon which relief can be granted. The Court recommends dismissing Defendants the State of Nevada; the Nevada Department of Employment, Training, and Rehabilitation Security Division ("DETR"); and Chris Sewell, Kristine K. Nelson, Thomas Susich, and Jen Sarafina in their capacities as employees and officers of DETR with prejudice. The Court also dismisses Plaintiff's claims against Attorney General Aaron Ford, Deputy Attorney General Todd Weiss, and Governor Joseph Lombardo without prejudice and with leave to amend.

**I.    Legal standard.**

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint under § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly*, 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). Under 28 U.S.C. § 1331, federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Cases "arise under" federal law either when federal law creates the cause of action or where the vindication of a right under state law necessarily turns on the construction of federal law. *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002). Whether federal-question jurisdiction exists is based on the "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under 28 U.S.C. § 1332(a), federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of

1  different states." Generally speaking, diversity jurisdiction exists only where there is "complete
2  diversity" among the parties; each of the plaintiffs must be a citizen of a different state than each
3  of the defendants. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

**II.   Discussion.**

Plaintiff sues: (1) the State of Nevada; (2) the DETR Security Division; (3) Kristine K. Nelson in her capacity as the Administrator of DETR Security Division; (4) Thomas Susich in his capacity as the chairperson of the board for review for DETR; (5) Christopher Sewell in his capacity as the Director of the Nevada Department of Unemployment Insurance, a division of DETR; (6) Aaron D. Ford in his capacity as Nevada State Attorney General and the attorney for DETR; (7) Todd M. Weiss in his capacity as Nevada State Deputy Attorney General and attorney for DETR; (8) Jen Sarafina in her capacity as attorney for DETR; and (9) Governor Joseph Lombardo. (ECF No. 13 at 3-4). Plaintiff alleges that his employment was terminated in May of 2023 and that he immediately filed for unemployment benefits.[1] (*Id.* at 5). Plaintiff asserts that he spoke with a DETR adjudicator who informed Plaintiff that he would receive benefit payments, but the payments never came. (*Id.*). Plaintiff received a letter from DETR denying his claim for unemployment benefits and stating that the basis for denying the claim was because Plaintiff quit his job, even though Plaintiff was let go. (*Id.* at 6). Plaintiff appealed the denial on July 15, 2023 and Plaintiff asserts that DETR refused to process his appeal in a timely manner. (*Id.*). Plaintiff alleges three causes of action against all Defendants: (1) violation of the Due Process Clause of the Fourteenth Amendment; (2) unemployment insurance fraud; and (3) negligence. Plaintiff invokes Nevada's waiver of its sovereign immunity under NRS § 41.031. (*Id.* at 7-9).

---

[1] Plaintiff asserts that he was fired after being imprisoned for a false arrest. (ECF No. 13 at 5). However, Plaintiff does not assert any claims related to his arrest or imprisonment so the Court does not address these allegations.

### A. *Plaintiff's claims against the State, DETR, and DETR officials and employees in their official capacity.*

Plaintiff's claims against the State of Nevada; DETR; and DETR officials/employees Nelson, Susich, Sewell, and Sarafina fail on the basis of sovereign immunity, despite Plaintiff's invocation of NRS § 41.031. While under NRS § 41.031(1) Nevada has generally waived sovereign immunity for state tort actions in *state court*, the Eleventh Amendment bars suits for money damages in *federal court* against a state, its agencies, and state officials acting in their official capacities. *Cohen v. Whitley*, No. 2:19-cv-01033-APG-EJY, 2022 WL 867032, at *3 (D. Nev. March 22, 2022) (citing *Aholelei v. Dep't of Pub. Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007)); *see Pattison v. Sandoval*, No. 3:20-cv-00287-MMD-WGC, 2021 WL 12177992, at *6 (D. Nev. Feb. 22, 2021) (citing NRS § 41.031). The Court thus recommends dismissing Plaintiff's claims against these Defendants with prejudice.

### B. *Plaintiff's claims against Governor Lombardo, Attorney General Ford, and Deputy Attorney General Weiss.*

Plaintiff's claims against Governor Lombardo, Attorney General Ford, and Deputy Attorney General Weiss fail because Plaintiff does not allege how either defendant was personally involved in the deprivations he alleges. Plaintiff's claim that Governor Lombardo, Attorney General Ford, and Deputy Attorney General Weiss violated his Fourteenth Amendment Due Process rights fail because a state official "must play a personal role in the constitutional deprivation to be liable [under 42 U.S.C. § 1983[2]]." *Redman v. Cty. Of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991). Section 1983 does not impose vicarious liability on state officials for "acts of lower officials in the absence of a state law imposing such liability." *Mosher v. Saalfeld*,

---

[2] 42 U.S.C. § 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989). To obtain relief under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution or the laws of the United States and must show that the alleged deprivation was committed by a person acting under color of law. *West v. Atkins*, 487 U.S. 42, 48-49 (1988). Plaintiff's claim that Governor Lombardo, Attorney General Ford, and Deputy Attorney General Weiss violated his Fourteenth Amendment rights thus arises under 42 U.S.C. § 1983.

589 F.2d 438, 441 (9th Cir. 1978).  Plaintiff's claims for fraud and negligence against Governor Lombardo, Attorney General Ford, and Deputy Attorney General Weiss fail because Plaintiff has not alleged how these defendants were negligent or how they defrauded him.  To establish negligence, a plaintiff must show: (1) the existence of a duty of care; (2) breach of that duty; (3) legal causation; and (4) damages.  *Garcia-Garrido v. Outback Steakhouse of Florida, LLC*, No. 2:16-cv-01294-CWH, 2018 WL 2434062, at * 4 (D. Nev. May 30, 2018).  To establish fraud, a plaintiff must show: (1) a false representation made by the defendant; (2) defendant's knowledge or belief that its representation was false or that defendant has an insufficient basis of information for making the representation; (3) that defendant intended to induce plaintiff to act or refrain from acting upon the misrepresentation; and (4) damage to the plaintiff as a result of relying on that misrepresentation.  *Barmettler v. Reno Air, Inc*., 956 P.2d 1382, 1386 (Nev. 1998).  Here, Plaintiff has not alleged how either Governor Lombardo, Attorney General Ford, or Deputy Attorney General Weiss were negligent or engaged in fraudulent conduct.  But because Plaintiff could potentially amend his complaint to assert facts regarding these Defendants' personal participation in his claims, the Court recommends dismissing Plaintiff's claims against them without prejudice and with leave to amend.

## ORDER

**IT IS THEREFORE ORDERED** that Plaintiff's claims against Governor Lombardo, Attorney General Ford, and Deputy Attorney General Weiss are **dismissed without prejudice and with leave to amend.**  Plaintiff will have until **April 29, 2024** to file an amended complaint if the noted deficiencies can be corrected.  If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint) to make the amended complaint complete.  This is because, generally, an amended complaint supersedes the original complaint.  Local Rule 15-1(a) requires that an amended complaint be complete without reference to any prior pleading.  Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently

alleged. **Failure to comply with this order will result in the recommended dismissal of this case.**

## RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Plaintiff's claims against the State of Nevada; DETR; and Nelson, Susich, Sewell, and Sarafina in their official capacities be **dismissed with prejudice.**

## NOTICE

Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within (14) days after service of this Notice. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985), *reh'g denied*, 474 U.S. 1111 (1986). The Ninth Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED: March 29, 2024

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE