UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MICHAEL ROWE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>NEVADA DEPARTMENT OF EMPLOYMENT, TRAINING AND REHABILITATION, et al.,<br><br>　　　　　Defendants. | Case No. 2:23-cv-01189-RFB-DJA<br><br>**ORDER** |

　　　　Before the Court for consideration is the Report and Recommendation (ECF No. 16) of the Honorable Daniel J. Albregts, United States Magistrate Judge, entered on March 29, 2024. A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). A party may file specific written objections to the findings and recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Local Rule IB 3-2(a). When written objections have been filed, the district court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see also Local Rule IB 3-2(b). Where a party fails to object, however, a district court is not required to conduct "any review," de novo or otherwise, of the report and recommendations of a magistrate judge. Thomas v. Arn, 474 U.S. 140, 149 (1985). Pursuant to Local Rule IB 3-2(a), objections were due by April 12, 2024. No objections have been filed. The Court has reviewed the record in this case, concurs with all the Magistrate Judge's recommendations, and elaborates on his analysis.

　　　　To the extent Plaintiff claims he is seeking "injunctive relief" in addition to monetary

damages, the Court finds that this is similarly barred by the Eleventh Amendment. Plaintiff seeks "immediate injunctive relief requiring the [Nevada Department of Employment, Training and Rehabilitation ("DETR")]" to award him his unemployment benefit that DETR allegedly wrongfully denied. See ECF No. 16 at 9. The Eleventh Amendment bars retroactive awards such as these where it would require the payment of funds from the state treasury. See Edelman v. Jordan, 415 U.S. 651, 663, 668 (1974) ("a suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment" because "it is in practical effect indistinguishable in many aspects from an award of damages against the State."); see also Glosen v. Barnes, 724 F.2d 1418 (9th Cir. 1984). Because "only prospective, non-monetary relief against state officials is exempt from the Eleventh Amendment bar," Plaintiffs claim for the retroactive payment of his unemployment benefit against the State of Nevada and DETR; as well as Nelson, Susich, Sewell, and Sarafina in their official capacities is also dismissed with prejudice. Pauma Band of Luiseno Mission Indians of Pauma & Yuima Rsrv. v. California, 813 F.3d 1155 (9th Cir. 2015).

**IT IS THEREFORE ORDERED** that the Report and Recommendation (ECF No. 16) is **ACCEPTED** and **ADOPTED in full.**

**IT IS FURTHER ORDERED** that Plaintiff's claims against the State of Nevada; DETR; and Nelson, Susich, Sewell, and Sarafina in their official capacities are dismissed with prejudice.

**DATED:** April 22, 2024.

---

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**