**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Michael Rowe, | Case No. 2:23-cv-01189-RFB-DJA |
| Plaintiff, | |
| v. | **Order** |
| State of Nevada, et al., | |
| Defendants. | |

Before the Court is Plaintiff Michael Rowe's second amended complaint. (ECF No. 17). Plaintiff's second amended complaint does not state a claim upon which relief can be granted. The Court thus dismisses his second amended complaint without prejudice and with leave to file a third amended complaint. This will be Plaintiff's final opportunity to amend his complaint.

**I.      Legal standard.**

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint under § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly*, 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). Under 28 U.S.C. § 1331, federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Cases "arise under" federal law either when federal law creates the cause of action or where the vindication of a right under state law necessarily turns on the construction of federal law. *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002). Whether federal-question jurisdiction exists is based on the "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under 28 U.S.C. § 1332(a), federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different states." Generally speaking, diversity jurisdiction exists only where there is "complete diversity" among the parties; each of the plaintiffs must be a citizen of a different state than each of the defendants. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

**II.     Discussion.**

Plaintiff sues: (1) Nevada State Attorney General Aaron D. Ford in his individual capacity; (2) Nevada State Deputy Attorney General Todd M. Weiss in his individual capacity; and (3) Nevada Governor Joseph Lombardo in his individual capacity.  (ECF No. 17 at 2).  In screening his prior amended complaint, the Court dismissed Plaintiff's claims against these Defendants because Plaintiff did not allege how they were personally involved in the constitutional deprivations he alleged.  (ECF No. 16).  In doing so, the Court found that "because Plaintiff could potentially amend his complaint to assert facts regarding these Defendants' personal participation in his claims, the Court recommends dismissing Plaintiff's claims against them without prejudice and with leave to amend."  (ECF No. 16).

Plaintiff's second amended complaint fails to allege Defendants' personal participation in his allegations.  (ECF No. 17).  Plaintiff brings two causes of action: (1) violation of the Due Process Clause of the Fourteenth Amendment; and (2) intentional infliction of emotional distress.  (*Id.* at 7).  But his allegations are disjointed, and do not allege any facts about Defendants' personal involvement other than conclusory allegations.

As the Court explained before, a state official "must play a personal role in the constitutional deprivation to be liable [under 42 U.S.C. § 1983[1]]."  *Redman v. Cty. Of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (abrogated on other grounds).  Section 1983 does not impose vicarious liability on state officials for "acts of lower officials in the absence of a state law imposing such liability."  *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978).  The state-law tort of intentional infliction of emotional distress also requires more than conclusory allegations.  The elements of that claim are: (1) extreme and outrageous conduct with either the intention of, or

---

[1] 42 U.S.C. § 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred.  *Graham v. Connor*, 490 U.S. 386, 393-94 (1989).  To obtain relief under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution or the laws of the United States and must show that the alleged deprivation was committed by a person acting under color of law.  *West v. Atkins*, 487 U.S. 42, 48-49 (1988).  Plaintiff's claim that Governor Lombardo, Attorney General Ford, and Deputy Attorney General Weiss violated his Fourteenth Amendment rights thus arises under 42 U.S.C. § 1983.

reckless disregard for, causing emotional distress; (2) the plaintiff's having suffered severe or extreme emotional distress; and (3) actual or proximate causation. *Dillard Department Stores, Inc. v. Beckwith*, 989 P.2d 882, 886 (Nev. 1999).

Here, Plaintiff neither alleges how Defendants were involved in depriving him of his constitutional rights nor how Defendants' actions caused his extreme emotional distress. Instead, his claims are entirely conclusory. For example, Plaintiff states that "[t]he defendants concocted a phony criminal charge to have Michael place on high level house arrest…" and "[t]he defendants acted intentionally and with malice." (*Id.*). But that is not sufficient to allege a claim upon which relief can be granted. The Court thus dismisses his second amended complaint without prejudice and with one more chance to amend.

**IT IS THEREFORE ORDERED** that Plaintiff's second amended complaint (ECF No. 17) is **dismissed without prejudice and with leave to amend.** Plaintiff will have until **July 31, 2024** to file an amended complaint if the noted deficiencies can be corrected. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint) to make the amended complaint complete. This is because, generally, an amended complaint supersedes the original complaint. Local Rule 15-1(a) requires that an amended complaint be complete without reference to any prior pleading. Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged. **Failure to comply with this order will result in the recommended dismissal of this case.** This will be Plaintiff's last opportunity to amend his complaint.

DATED: July 1, 2024

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE